Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
P: (208) 359-5532
F: (208) 485-8528
ryanballardlaw@gmail.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HEATHER AND NATHAN GRACE, ) | Case No.: 4:15-cv-465 |
| ) | |
| Plaintiffs, ) | |
| v. ) | **COMPLAINT** |
| ) | |
| DOOLITTLE LAW, CHARTERED, ) | |
| an Idaho corporation, ) | |
| VELOCITY INVESTMENTS, LLC, ) | |
| a New Jersey limited liability company, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

COMES NOW the Plaintiffs Heather and Nathan Grace, by and through their counsel of record, Ryan A. Ballard of Ballard Law, PLLC, and allege their causes of action against Defendants as follows:

### INTRODUCTION

1. This is an action for damages brought by consumers for Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

## PARTIES

4. Plaintiff Heather Grace is a natural person residing in Minidoka County, Idaho, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff Nathan Grace is a natural person residing in Minidoka County, Idaho, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Doolittle Law, Chartered is an Idaho corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 305 South Federal Way, Boise, ID 83705.

7. Doolittle Law is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant Velocity Investments, LLC is a New Jersey limited liability company engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 1800 Route 34 North, Building 4, Suite 404A, Wall, NJ 07719.

9. Velocity Investments is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## GENERAL ALLEGATIONS

10. Velocity Investments is a company which purchases charged-off debts for pennies on the dollar and then enlists law firms to aid in collection of those debts.

11. Velocity Investments has contracted with Doolittle Law to perform collection efforts on debts allegedly owed by Idaho residents.

12. Those collection efforts frequently include filing suit in Idaho.

13. Upon information and belief, Velocity Investments provides standard operating procedures which it expects Doolittle Law to follow.

**Complaint - Page 2 of 4**

14. Doolittle Law functions as an agent of Velocity Investments.

15. Heather and Nathan Grace executed a Retail Installment Sales Contract when they purchased a 2008 Dodge Grand Caravan from Goode Motor, Inc. in Burley, Idaho on June 30, 2008.

16. The 2008 Dodge Grand Caravan purchased by the Graces is a good, as that term is defined by Idaho Code § 28-2-105(1).

17. Financing on the vehicle was provided by HSBC.

18. Santander Consumer USA purchased HSBC's entire automobile loan portfolio, including the Graces' loan.

19. The last payment made on the loan was May 21, 2010.

20. Default would have occurred when payment was due but not made in June of 2010.

21. The Graces made no payments after May 21, 2010.

22. Doolittle Law, on behalf of Velocity Investments, filed a lawsuit on May 22, 2015 seeking collection on the defaulted contract, Minidoka County Case No. CV-15-362.

23. On September 28, 2015, that case was dismissed as time barred under I.C. § 28-2-725(2).

## COUNT I: FDCPA - MISREPRESENTING LEGAL STATUS OF DEBT

24. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

25. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

26. Defendants violated 15 U.S.C. § 1692e(2)(A) by filing suit on a debt which was time-barred.

## COUNT II: FDCPA - USING DECEPTIVE MEANS TO COLLECT

27. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

28. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

29. Defendants violated 15 U.S.C. § 1692e(10) by filing suit on a debt which was time-barred.

## COUNT III: FDCPA - UNCONSCIONABLE CONDUCT

30. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

31. 15 U.S.C. § 1692f prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

32. Defendants violated 15 U.S.C. § 1692f by filing suit on a debt which was time-barred.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. The maximum statutory damages available under 15 U.S.C. § 1692k(a)(2)(B),

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

C. For such other and further relief as may be just and proper.

DATED: October 5, 2015

/s/ Ryan A. Ballard
Ryan A. Ballard
Ballard Law, PLLC